749 A.2d 889

ORTLEY BEACH PROPERTY OWNERS ASSOCIATION AND DANIEL POLIFRONI, PLAINTIFFS–APPELLANTS, v. FIRE COMMISSIONERS OF DOVER TOWNSHIP FIRE DISTRICT NO. 1, DEFENDANTS–THIRD PARTY–PLAINTIFFS–RESPONDENTS, AND NEW JERSEY STATE ASSOCIATION OF FIRE DISTRICTS: DOVER TOWNSHIP FIRE DISTRICT NO. 2, INTERVENORS–RESPONDENTS, AND VOLUNTEER FIREMEN'S INSURANCE SERVICES, INTERVENOR–THIRD PARTY–PLAINTIFF–RESPONDENT, AND THE DEPARTMENT OF COMMUNITY AFFAIRS OF THE STATE OF NEW JERSEY, THIRD PARTY–DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 10, 2000—Decided May 2, 2000.

Before Judges PETRELLA, CONLEY and COBURN.

*James J. Guida* argued the cause for appellants.

*Daniel P. Reynolds*, Deputy Attorney General, argued the cause for respondent The Department of Community Affairs of the State of New Jersey (*John J. Farmer, Jr.*, Attorney General, attorney; *Nancy Kaplen*, Assistant Attorney General, of counsel; *Mr. Reynolds*, on the brief).

*Richard M. Braslow* argued the cause for intervenor-respondent New Jersey State Association of Fire Districts: Dover Township Fire District No. 2.

*Michael C. Paxton* argued the cause for respondents Fire Commissioners of Dover Township Fire District No. 1 (*Shea & Novy*, attorneys; *Robert C. Shea*, of counsel and on the brief; *Mr. Paxton*, also on the brief).

*Edwin C. Landis, Jr.* argued the cause for intervenor-respondent Volunteer Firemen's Insurance Services (*Meyner & Landis*, attorneys; *Mr. Landis* and *David B. Grantz*, on the brief).

PER CURIAM.

Plaintiffs Ortley Beach Property Owners Association and Daniel Polifroni appeal from the dismissal of their action which challenged a Length of Service Award Program (LOSAP) adopted by the Fire Commissioners of Dover Township Fire District No. 1 as a type of retirement plan for volunteer firefighters. Plaintiffs unsuccessfully sought to challenge the constitutionality of *N.J.S.A.* 40A:14–193b, which exempted existing LOSAPs from the requirement that the creation of such programs be submitted to the district voters on a referendum basis, *see N.J.S.A.* 40A:14–185c. In effect, *N.J.S.A.* 40A:14–193 grandfathered existing programs at the time of the enactment of the "Emergency Services Volunteer Length of Service Award Program Act," *N.J.S.A.* 40A:14–183 *et seq.* (*L.* 1997, *c.* 388, effective January 19, 1998).

Plaintiffs argue that (1) the trial judge erred in improperly applying a rational basis test; (2) the *N.J.S.A.* 40A:14–193b ex-

emption of preexisting LOSAPs from the referendum requirement violated due process and equal protection requirements under the federal and state constitutions; (3) the judge erred in holding that the statute was not unconstitutional special legislation prohibited by *N.J. Const.* art. IV, § 7, ¶ 7 and 9(8); and (4) the judge erred in holding that the grandfather clause in *N.J.S.A.* 40A:14–193 was enforceable.

We have considered plaintiffs' arguments in light of the record and are satisfied that the Law Division's disposition of the matter was correct.

We affirm substantially for the reasons expressed in Judge Serpentelli's written opinion, reported at 320 *N.J.Super.* 132, 726 *A.*2d 1004 (Law Div.1998).